# EXHIBIT 1



# Service of Process Transmittal
03/08/2018
CT Log Number 532929975

**TO:** Val Williams
Landry's Restaurants, Inc.
1510 West Loop S
Houston, TX 77027-9505

**RE:** Process Served in District of Columbia

**FOR:** MASTRO'S RESTAURANTS, LLC (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KOLY CAMARA, etc., Pltf. vs. MASTRO'S RESTAURANTS LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Request, Interrogatories |
| **COURT/AGENCY:** | District of Columbia Superior Court, DC<br>Case # 2018CA001085 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/08/2018 postmarked on 03/05/2018 |
| **JURISDICTION SERVED:** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service, exclusive of the day of service(Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jason S. Rathod<br>MIGLIACCIO & RATHOD LLP<br>412 H St NE<br>Suite 302<br>Washington, DC 20002<br>202-470-3520 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/09/2018, Expected Purge Date: 03/14/2018<br><br>Image SOP<br><br>Email Notification, Val Williams VWILLIAMS@LDRY.COM |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1015 15th St NW Ste 1000<br>Washington, DC 20005-2621 |
| **TELEPHONE:** | 202-572-3133 |

Page 1 of 1 / AH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Migliaccio & Rutland LLP
4112 H St. NE
Washington, DC



7017 2680 0001 0655 823?



REGISTERED AGENT
CT CORPORATION SYSTEM
1015 15th St NW, Suite 1000
Washington, DC 20005



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

KOLY CAMARA, on behalf of himself and all others similarly situated
_____
Plaintiff
vs.

**MASTRO'S RESTAURANTS LLC**                                      Case Number _____
_____
Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Nicholas A. Migliaccio**
_____
Name of Plaintiff's Attorney

**412 H St. NE, Suite 302**
_____
Address
Washington D.C. 20002

**(202) 470-3520**
_____
Telephone

*Clerk of the Court*

By _____
                        Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면,(202)879-4828로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
#### Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                          Demandante
           contra
                                              Número de Caso: _____
_____
                          Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                     *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

                                              Por: _____
_____                                  Subsecretario
Dirección

                                              Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Dể có một bài dịch, hãy gọi (202)879-4828
한국어번역을원하시면(202)879-4828로전화주십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

| | |
|---|---|
| KOLY CAMARA, on behalf of himself and all others similarly situated | Case Number: _____ |
| | Date: 02/13/2018 |
| MASTRO'S RESTAURANTS LLC | ☐ One of the defendants is being sued in their official capacity. |

| Name: *(Please Print)* Nicholas A. Migliaccio | Relationship to Lawsuit |
|---|---|
| Firm Name: Migliaccio & Rathod LLP | ☒ Attorney for Plaintiff |
| Telephone No.: 202-470-3520  Six digit Unified Bar No.: 484366 | ☐ Self (Pro Se) |
| | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury  ☐ 6 Person Jury  ☒ 12 Person Jury
Demand: $_____  Other: Monetary damages and injunctive relief believed to exceed jurisdictional minimum

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____  Judge: _____

Case No.: _____  Judge: _____  Calendar#: _____

NATURE OF SUIT:  *(Check One Box Only)*

### A. CONTRACTS                            COLLECTION CASES

☐ 01 Breach of Contract           ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty           ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument        ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                 Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☐ 13 Employment Discrimination    ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees            Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                                  ☐ 28 Motion to Confirm Arbitration
                                       Award (Collection Cases Only)

### B. PROPERTY TORTS

☐ 01 Automobile              ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion              ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

### C. PERSONAL TORTS

☐ 01 Abuse of Process        ☐ 10 Invasion of Privacy         ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection ☐ 11 Libel and Slander           ☐ 18 Wrongful Death (Not Malpractice)
☐ 03 Assault and Battery     ☐ 12 Malicious Interference      ☐ 19 Wrongful Eviction
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution   ☐ 20 Friendly Suit
☒ 05 Deceit (Misrepresentation)  ☐ 14 Malpractice Legal       ☐ 21 Asbestos
☐ 06 False Accusation        ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 22 Toxic/Mass Torts
☐ 07 False Arrest            ☐ 16 Negligence- (Not Automobile, ☐ 23 Tobacco
☐ 08 Fraud                         Not Malpractice)            ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE  ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 21 Petition for Subpoena [Rule 28-1 (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ *Nicholas A. Migliaccio*
Attorney's Signature


02/13/2018
Date

CV-496/ June 2015

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| KOLY CAMARA<br>*Individually, on Behalf of All Others Similarly Situated, and on Behalf of the General Public of the District of Columbia*<br>4857 Battery Lane<br>Apt 407<br>Bethesda, MD, 20814<br><br>   Plaintiff,<br><br>v.<br><br>MASTRO'S RESTAURANTS LLC,<br>1510 West Loop South,<br>Houston, TX 77027<br><br>REGISTERED AGENT:<br>CT CORPORATION SYSTEM<br>1015 15th St NW<br>Suite 1000<br>Washington, D.C. 20005<br><br>   Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

***COMES NOW*** Plaintiff Koly Camara, on behalf of himself and all others similarly situated, ("Plaintiff"), by and through undersigned counsel, brings this wage-theft complaint against Mastro's Restaurants, LLC ("Mastro's Restaurants" or "Defendant"). In support of this Complaint, Plaintiff states the following facts and claims upon knowledge as to matters relating to himself and upon information and belief as to all other matters, as follows:

1

## INTRODUCTION AND SUMMARY OF ACTION

1. This is a class and collective action on behalf of individuals who were employed as servers by Mastro's Restaurants. The Defendant owns and operates a chain of restaurants located in several states, including Washington D.C. Plaintiff worked as a server at Defendant's Washington D.C. restaurant from approximately summer 2015 to November 2017. During the time of his employment, Defendant required that approximately 42-45% of the tips received by servers be placed into a "tip pool" to be shared with other employees including wine runners, food runners, bartenders, bussers, and baristas. The nature of many of these employees' positions (namely, the wine runners and baristas) did not entail customarily and regularly interacting with restaurant customers.

2. Plaintiff brings this action pursuant to Rule 23 of the D.C. Superior Court Rules of Civil Procedure and D.C. Code § 32-1308 on behalf of himself and a class of similarly situated employees who worked for Mastro's Restaurants.

3. Plaintiff, on behalf of himself and all other similarly situated, alleges that Defendant has violated provisions of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201.

4. Plaintiff, on behalf of himself and all others similarly situated, alleges that Defendant has violated provisions of the Washington D.C. Minimum Wage Revision Act ("DCMWRA").

5. Plaintiff, on behalf of himself and all other similarly situated, alleges that Defendant has violated provisions of the Washington D.C. Wage Payment and Wage Collection Law ("DCWPCL")

## JURISDICTION AND VENUE

6. The subject matter jurisdiction of the Court is invoked pursuant to D.C. Code §32-

2

1012, and by virtue of the fact that all acts and omissions complained of occurred in the District of Columbia.

7. This Court has personal jurisdiction over each Defendant pursuant to D.C. Code §§ 13-423(a) and 13-422.

8. Venue lies in the Superior Court of the District of Columbia because a substantial part of the events or omissions giving rise to this claim occurred in the District of Columbia.

## PARTIES

9. Plaintiff, Koly Camara, is an adult resident of Bethesda, MD, and a former employee of Defendant who worked at Defendant's District of Columbia restaurant.

10. During all relevant times, Plaintiff Camara was employed by Defendant, including from approximately the summer of 2015 to November 2017, as a server at the Mastro's Steakhouse, located at 600 13th Street NW in Washington D.C.

11. Defendant, Mastro's Restaurants, is a Nevada corporation with its corporate offices in Houston, Texas that owns and operates a chain of restaurants located across the United States, including Mastro's Steakhouse at 600 13th Street NW in Washington D.C.

12. Defendant is an employer covered by the record keeping, minimum wage, wage payment, and overtime pay mandates of the FLSA, DCMWRA, and DCWPCL.

## STATEMENT OF FACTS

13. Defendant, Mastro's Restaurants, is a company that owns and operates a chain of restaurants in several cities, including Washington D.C., and has employed hundreds, if not thousands, of servers.

14. During the period between approximately summer of 2015 and November of 2017, Plaintiff was employed by Defendant as a server at one of Defendant's restaurants located in Washington D.C.

15. During his period of employment, Defendant paid Plaintiff and other servers a "tipped minimum wage" below $7.25 per hour plus tips.

16. In seeking to comply with the FLSA and DCMWRA mandate that employees receive a minimum wage of $7.25 under the FLSA and between $9.50 and 12.50 per hour under the DCMWRA, Defendant has purported to utilize a tip credit under the FLSA and DCMWRA.

17. At the end of each work shift, Defendant would take between 42-45% of each server's tips and distribute them to other employees, such as, among others, wine runners, food runners, bartenders, bussers, and baristas.

18. The primary duties of the wine runner are to bring wine to the restaurant from the cellar, and leave it at the bar, where the server would pick it up and deliver it to the restaurant customers.

19. Wine runners spend almost all their time working in or near the wine cellar and have little to no interaction with restaurant customers. Wine runners are not the types of employees who customarily and regularly interact with restaurant customers.

20. The primary duties of the barista are to make the coffee beverages for the customers in the back of the restaurant, where the server will retrieve the beverages and deliver them to the restaurant customers.

21. Baristas spend almost all their time working in or near the kitchen and have no interaction with restaurant customers. Baristas are not the types of employees who customarily and regularly interact with restaurant customers.

4

## **FLSA COLLECTIVE ALLEGATIONS**

22. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of individuals who were employed as servers by Mastro's Restaurants at locations across the United States within the last three years.

23. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

24. Plaintiff and Defendant's other servers are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, among other things, all such individuals worked pursuant to Defendant's above described tip-pooling policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated wage.

25. Resolution of this action requires inquiry into common facts, including, among other things, Defendant's common compensation, timekeeping, and payroll practices.

26. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll records which Defendant was required to maintain pursuant to the FLSA, *see* 29 U.S.C. § 211(c); 29 C.F.R. § 215.2 *et seq.*

27. Conditional certification of this case as a collective matter pursuant to 29 U.S.C. § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email, and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

28. There are many similarly situated current and former servers who have not been paid proper wages in violation of the FLSA and who would benefit from the issuance of a court-

supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

## WASHINGTON D.C. CLASS ALLEGATIONS

29. Plaintiff brings this class action pursuant to D.C. Super. Ct. R. Civ. P. 23 and D.C. Code § 32-1308 on behalf of himself and all servers employed by Defendant who worked at Mastro's Steakhouse in Washington D.C. during the relevant time period. These individuals are referred to herein as "Class Members." Given the potential complexity of this case, Plaintiff hereby seeks relief from the 90-day filing requirement set forth by Local Rule 23-1 and seeks that a schedule for the briefing of Class certification be set forth at the initial scheduling conference of this matter.

30. The members of the class are so numerous that joinder of all class members is impracticable.

31. Plaintiff is a Class member and his claims are typical of the claims of other Class Members.

32. Plaintiff will fairly and adequately represent the Class Members and their interests, and they have retained competent and experience counsel who will effectively represent the Class Members' interests.

33. The critical questions of law and fact are common to all Class Members since this action concerns the legality of Defendant's tip pooling policies and practices. The illegality of these policies and practices will be demonstrated by applying general legal principles to common evidence such a standardized policies and payroll/compensation practices.

34. This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual

members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all arties and court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

## **FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA**

### Count I

35. All previous paragraphs are incorporated as though fully set forth herein.

36. Plaintiffs and Defendant's other servers are employees entitled to the FLSA's protections.

37. Defendant is an employer covered by the FLSA.

38. The FLSA entitles employees to a minimum hourly compensation of $7.25 for hours worked under 40 in a week, *see* 29 U.S.C. § 206(b) and $10.875 for hours worked over 40 in a week, *see id.* at § 207(a)(1).

39. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who do not "customarily and regularly receive tips." *See* 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a tip credit when tips are shared with employees – such as Defendant's wine runners and baristas – whose direct customer interaction is minimal. *See, e.g., Montano v. Montrose Restaurant Associates,*

7

*Inc.*, 800 F.3d 186 (5th Cir. 2015); *Ford v. Lehigh Valley Restaurant Group, Inc.*, 2014 U.S. Dist. LEXIS 92801 (M.D. Pa. July 9, 2014).

40. By requiring Plaintiff and other servers to share tips with wine runners and baristas, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiff and other servers and bartenders an hourly wage below $7.25.

41. In violating the FLSA, Defendant acted willfully with reckless disregard of clearly applicable FLSA provisions.

## **FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE DCMWRA**
## **Count II**

42. All previous paragraphs are incorporated as though fully set forth herein

43. Plaintiffs and Class Members are employees entitled to the DCMWRA's protections

44. Defendant is an employer covered by the DCMWRA.

45. The DCMWRA, as of July 1, 2014 entitled employees to a minimum hourly compensation of $9.50 for hours worked under 40 in a week, and $14.25 for hours worked over 40 in a week. As of July 1, 2015, employees were entitled to minimum hourly compensation of $10.50 for hours worked under 40 in a week, and $15.75 for hours worked over 40 in a week. As of July 1, 2016, employees were entitled to $11.50 for hours worked under 40 in a week, and $17.25 for hours worked over 40 in a week. As of July 1, 2017, employees were entitled to $12.50 for hours worked under 40 in a week, and $18.75 for hours worked over 40 in a week. *See* D.C. Code § 32-1003(a).

8

46. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who do not customarily and regularly receive tips. *See* D.C. Code § 32-1003(f). By requiring Plaintiff and other servers to share tips with wine runners and baristas, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations under the DCMWRA. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiff and other servers and bartenders an hourly wage below $7.25.

47. In violating the DCMWRA, Defendant acted willfully with reckless disregard of clearly applicable DCMWRA provisions.

## **FAILURE TO PAY WAGES IN VIOLATION OF THE DCWPCL**
### Count III

48. All previous paragraphs are incorporated as though fully set forth herein.

49. Plaintiff and other Class Members are employees entitled to the DCWPCL's protections

50. Defendant is an employer covered by the DCWPCL.

51. "Wages" pursuant to DCWPCL (DC Code § 32-1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other renumeration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

52. Plaintiff and other Class Members performed work duties for Defendant's benefit as set forth above for which Defendant failed to pay Plaintiffs all wages earned and required by Federal and District of Columbia law.

9

53. Defendant owes Plaintiff and other Class Members wages for work duties performed as set forth above.

54. Defendant's failure to pay Plaintiff and other Class Members wages as set forth above constitutes a violation of their right to receive wages as guaranteed by the DCWPCL.

55. In violating the DCWPCL, Defendant acted willfully with reckless disregard of clearly applicable DCWPCL provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Koly Camara, on behalf of himself, and all others similarly situated, prays for a judgment against Defendant as follows:

A. Authorizing dissemination of notice to similarly situated servers so that they have the opportunity to join this action;

B. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in D.C. Super. Ct. R. Civ. P. 23(a), (b)(2) and/or (b)(3);

C. Designating Plaintiff as representative of the class and his counsel as class counsel;

D. Entering judgment in favor of Plaintiff, the class and against Defendant for all compensatory, individual, class, and collective damages;

E. Awarding compensatory damages such as all wages owed to Plaintiff and Defendant's other servers;

F. Awarding liquidated damages for the wage claims of Plaintiff and other Servers;

G. Granting Plaintiff and other Servers the costs of prosecuting this action, including attorneys' fees, experts' fees and costs together with interest;

H. Granting such further relief as the Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 13, 2018

Respectfully submitted,

/s/ Jason S. Rathod

Jason S. Rathod, Esq. (D.C. Bar No. 100082)
Nicholas A. Migliaccio, Esq. (D.C. Bar No.484366)
**MIGLIACCIO & RATHOD LLP**
412 H St., NE
Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

Peter Winebrake, Esq.*
R. Andrew Santillo, Esq*.
Mark J. Gottesfeld, Esq.*
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Tel: (215) 884-2491
Email: pwinebrake@winebrakelaw.com
Email: asantillo@winebrakelaw.com
Email: mgottesfeld@winebrakelaw.com

*pro hac vice* admission anticipated

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2018, the foregoing was filed electronically with the Court.

/s/ Jason S. Rathod
Jason S. Rathod, Esq.

## NOTICE OF CONSENT

By my signature below, I consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act against Mastro's Restaurants LLC ("Mastro's") and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act for the claims set forth in the Complaint. I hereby appoint Nicholas Migliaccio and Jason Rathod of Migliaccio & Rathod LLP, 412 H St NE, Suite 302, Washington D.C. 20002 and others that the above attorneys choose to associate with to represent me in this case.

Name: KOLY CAMARA

Date: 01/29/2018

Mailing Address: 4857 BATTERY LN BETHESDA, MD 20814-2734 APT 407

Signature: *CAMARA*