**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KOLY CAMARA<br>*Individually, on Behalf of All Others Similarly Situated, and on Behalf of the General Public of the District of Columbia,*<br><br>        Plaintiff,<br><br>    v.<br><br>MASTRO'S RESTAURANTS LLC,<br><br>        Defendant. | Civil Action No. 1:18-cv-724 (JEB) |

**DEFENDANT'S SURREPLY STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS**

Defendant Mastro's Restaurants LLC, by and through its undersigned counsel, hereby respectfully submits further points and authorities in Surreply to support Defendant's pending Motion to Compel Arbitration and Dismiss (ECF No. 17) ("Motion"). For the following additional reasons, Defendant's Motion should be granted.

(1)     On July 18, 2018, briefing was complete on Defendant's Motion, which seeks an Order from the Court compelling individual arbitration of Plaintiff's claims and dismissal of this lawsuit.

(2)     On Friday, August 10, 2018, Plaintiff's counsel filed declarations for Craig McFarland and Milan Radmanovic, indicating their desire to join Plaintiff's lawsuit as additional party plaintiffs. (*See* ECF No. 26.)

(3)     Defendant has determined that Craig McFarland and Milan Radmanovic signed arbitration agreements waiving their participation in this lawsuit.

48280027v.2

(4)     The arbitration agreements signed by Craig McFarland and Milan Radmanovic are attached as Exhibits A and B to the Declaration of Laura Jasso, the Director of Human Resources for Landry's Management, L.P., an affiliate of Defendant which provides various support functions to Defendant. The Jasso Declaration is attached hereto as Exhibit 1.

WHEREFORE, for all of the foregoing additional reasons, Defendant's Motion should be granted.

DATED:  August 14, 2018                                  Respectfully submitted,


                                                         SEYFARTH SHAW LLP


                                                         By:    /s/ Rebecca S. Bjork
                                                         Rebecca S. Bjork (D.C. Bar No. 478544)
                                                         *rbjork@seyfarth.com*
                                                         Alexander J. Passantino (D.C. Bar No. 997340)
                                                         *apassantino@seyfarth.com*
                                                         SEYFARTH SHAW LLP
                                                         975 F Street N.W.
                                                         Washington, DC 20004-1454
                                                         Telephone:  (202) 463-2400
                                                         Facsimile:  (202) 828-5393

                                                         Gerald L. Maatman, Jr.*
                                                         *gmaatman@seyfarth.com*
                                                         SEYFARTH SHAW LLP
                                                         131 S. Dearborn Street, Suite 2400
                                                         Chicago, IL  60603-5577
                                                         Telephone:  (312) 460-5000
                                                         Facsimile:  (312) 460-7000

                                                         *Admitted Pro Hac Vice*

                                                         *Counsel for Defendant*

48280027v.2

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

KOLY CAMARA,
*Individually, on Behalf of All Others Similarly Situated, and on Behalf of the General Public of the District of Columbia*

    Plaintiff,

v.

MASTRO'S RESTAURANTS, LLC,

    Defendant.

Case No. 1:18-cv-724 (JEB)

### DECLARATION OF LAURA JASSO, DIRECTOR OF HUMAN RESOURCES

I, Laura Jasso, based on my personal knowledge and pursuant to 28 U.S.C. § 1746, declare:

1. I am over the age of 18 and I have personal knowledge of the following facts.

2. I am the Director of Human Resources for Landry's Management, L.P., an affiliate of Defendant which provides various support functions to Defendant.

3. Plaintiff's declarants Craig McFarland and Milan Radmanovic signed arbitration agreements that waive collective and class claims.

4. Craig McFarland's arbitration agreement is attached as Exhibit A.

5. Milan Radmanovic's arbitration agreement is attached as Exhibit B.

I declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the foregoing is true and correct.

DATED: August 14, 2018

                                                   By: _____
                                                    LAURA JASSO,
                                                    Director of Human Resources

# EXHIBIT A

## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

In consideration of the at-will employment relationship between the Employer[2] and Employee and the mutual desire of the parties to enter into this Mutual Agreement to Arbitrate Claims ("Agreement"), the parties hereby agree that any and all disputes, claims or controversies between the parties, including but not limited to any dispute arising out of or relating to this Agreement, the employment relationship between the parties, or the formation or termination of the employment relationship, which are not resolved by their mutual agreement shall be resolved by final and binding arbitration by a neutral arbitrator. For purposes of this Agreement, Employer shall also include any claims that the Employee has against Employer and/or its officers, directors, employees, owners, shareholders, members, agents, representatives, benefit plans, sponsors, fiduciaries, agents, parents, subsidiaries, or affiliated entities, as well as claims the Employer has against the Employee, regardless of whether or not such claims arise during or after the termination of the employment relationship between the parties.

The claims covered by this Agreement include, but are not limited to, claims for: wrongful termination; breach of any contract or covenant, express or implied; breach of any duty owed to Employee by Employer or to Employer by Employee; personal, physical or emotional injury (excluding claims covered under any workers' compensation statute); discrimination or harassment because of race, gender, color, pregnancy, religion, national origin, ancestry, age, disability, medical condition, marital status, sexual orientation, gender identity or any other characteristic protected by applicable law; retaliation; violation of any local, state, or federal constitution, statute, law, ordinance or regulation; fraud, misrepresentation, defamation, invasion of privacy, and any other tort claims; wages, overtime, premiums, gratuities, tips, service/administrative charges, or any other compensation due; penalties; benefits; reimbursement of expenses; and any claim for trade secret violations or unlawful competition. This Agreement shall be binding on all of the parties, their heirs, and successors. This Agreement shall not apply to any dispute if an agreement to arbitrate such dispute is prohibited by law. The laws of the state of the Employee's place of employment shall govern this Agreement.

In arbitration, each side in the dispute presents its case, including evidence, to a neutral third party called an "arbitrator," rather than to a judge or jury. By signing this Agreement, the parties agree that any arbitration shall be conducted before one neutral arbitrator selected by the parties and shall be conducted under the JAMS Employment Arbitration Rules & Procedures ("JAMS Rules") then in effect. The arbitrator shall be either an attorney or a retired judge. Employee may obtain a copy of the JAMS Rules by requesting a copy from Human Resources or by accessing the JAMS website at www.jamsadr.com. **By signing this Agreement, Employee acknowledges that Employee has had an opportunity to review the JAMS Rules before signing this Agreement.** The parties agree that this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq* ("FAA"). The parties also understand and agree that the Employer is engaged in transactions involving interstate commerce.

The arbitration shall take place within 25 miles from where Employee worked for the Employer. The parties are entitled to be represented by their own legal counsel in the arbitration proceeding and agree to maintain the proceedings and the award, including the hearing, as confidential, except as is otherwise required by court order, required by law, or as is necessary to confirm, vacate or enforce the award. The arbitrator shall have the authority to order such discovery by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary for a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration. The arbitrator is authorized to award any remedy or relief available under applicable law that the arbitrator deems just and equitable, including any remedy or relief that would have been available to the parties had the matter been heard in a court. Nothing in this Agreement shall prohibit or limit the parties from seeking provisional remedies, such as injunctive relief from a court of competent jurisdiction. The arbitrator shall have the authority to provide for the award of attorney's fees if such award is separately authorized by applicable law. The Employer shall pay all arbitrators' fees and any JAMS arbitration administrative expenses. The decision of the arbitrator shall be in writing and shall provide the reasons for the award unless the parties agree otherwise. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction. **The arbitrator's decision is final and binding which means there will be no trial by a judge or jury, or ability to appeal the arbitrator's decision except as provided by the FAA or analogous state law.**

This Agreement may only be amended by a signed writing executed by Employer and Employee. The terms of this Agreement control over any prior or subsequent oral discussions you may or have had with an Employer representative about arbitration.

---

[2] Your "Employer" is generally the entity that owns and operates the restaurant/business at which you work. The actual entity name of your employer can be found on your paychecks and W2 forms.

BY SIGNING THIS AGREEMENT, THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY DISPUTE, CLAIM OR CONTROVERSY DECIDED BY A JUDGE OR JURY IN A COURT.

BY SIGNING THIS AGREEMENT, THE EMPLOYER AND EMPLOYEE AGREE THAT EACH MAY BRING AND PURSUE CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITIES, AND MAY NOT BRING, PURSUE OR ACT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR COLLECTIVE PROCEEDING.

THE PARTIES FURTHER AGREE THAT NEITHER PARTY MAY BRING, PURSUE, OR ACT AS A PLAINTIFF OR REPRESENTATIVE IN ANY PURPORTED REPRESENTATIVE PROCEEDING OR ACTION, OR OTHERWISE PARTICIPATE IN ANY SUCH REPRESENTATIVE PROCEEDING OR ACTION OTHER THAN ON AN INDIVIDUAL BASIS EXCEPT TO THE EXTENT THIS PROVISION IS UNENFORCEABLE AS A MATTER OF LAW.

THE PARTIES AGREE THAT A COURT, NOT THE ARBITRATOR, SHALL DETERMINE WHETHER ANY CLAIMS MUST PROCEED ON A CLASS, REPRESENTATIVE, OR COLLECTIVE BASIS.

THE PARTIES AGREE THAT ANY REPRESENTATIVE CLAIMS THAT ARE FOUND NOT SUBJECT TO ARBITRATION UNDER THIS AGREEMENT SHALL BE RESOLVED IN COURT AND ARE STAYED PENDING THE OUTCOME OF THE ARBITRATION.

In the event that any provision of this Agreement is held to be void, null or unenforceable, the remaining portions shall remain in full force and effect. If Employee has any questions about this Agreement or wishes to have any of its terms explained, Employee may ask Human Resources (1-800-394-3839). Employee may also wish to consult an attorney about the pros and cons of this Agreement.

The original version of this Agreement is in the English language. Any discrepancy or conflicts between the English version and any other language version will be resolved with reference to and by interpreting the English version.

Should Employee work for more than one Employer and/or transfer to a new Employer, this Agreement shall remain valid and enforceable as to all Employers for whom Employee has worked. This Agreement shall survive termination of any employment relationship between Employee and any Employer.

I ACKNOWLEDGE THAT BEFORE I SIGNED THIS AGREEMENT I HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS CONCERNING IT. I UNDERSTAND THAT I AM PERMITTED TO TAKE THIS AGREEMENT WITH ME AND REVIEW IT WITH AN ATTORNEY OF MY CHOICE IF I SO DESIRE. I FURTHER UNDERSTAND THAT I MUST SIGN THIS AGREEMENT BEFORE I MAY BEGIN OR CONTINUE MY EMPLOYMENT WITH THE EMPLOYER.

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS MUTUAL AGREEMENT TO ARBITRATE CLAIMS, THAT I UNDERSTAND ITS TERMS, AND THAT I HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY, WITHOUT UNDUE PRESSURE AND NOT IN RELIANCE ON ANY PROMISE OR REPRESENTATION BY THE EMPLOYER OR ANY PERSON OTHER THAN THOSE CONTAINED IN THIS AGREEMENT.

| EMPLOYEE | EMPLOYER |
|---|---|
| Craig McFarland<br>(Print Name)<br><br>[signature]<br>(Signature)<br><br>5/9/17<br>(Date) | *Julia Liebelt*<br>By: _____<br><br>Its: Vice President of Human Resources |

NOTICE: Employer reserves the right to reject this Agreement if any changes are made by Employee.

# EXHIBIT B

## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

In consideration of the at-will employment relationship between the Employer[2] and Employee and the mutual desire of the parties to enter into this Mutual Agreement to Arbitrate Claims ("Agreement"), the parties hereby agree that any and all disputes, claims or controversies between the parties, including but not limited to any dispute arising out of or relating to this Agreement, the employment relationship between the parties, or the formation or termination of the employment relationship, which are not resolved by their mutual agreement shall be resolved by final and binding arbitration by a neutral arbitrator. For purposes of this Agreement, Employer shall also include any claims that the Employee has against Employer and/or its officers, directors, employees, owners, shareholders, members, agents, representatives, benefit plans, sponsors, fiduciaries, agents, parents, subsidiaries, or affiliated entities, as well as claims the Employer has against the Employee, regardless of whether or not such claims arise during or after the termination of the employment relationship between the parties.

The claims covered by this Agreement include, but are not limited to, claims for: wrongful termination; breach of any contract or covenant, express or implied; breach of any duty owed to Employee by Employer or to Employer by Employee; personal, physical or emotional injury (excluding claims covered under any workers' compensation statute); discrimination or harassment because of race, gender, color, pregnancy, religion, national origin, ancestry, age, disability, medical condition, marital status, sexual orientation, gender identity or any other characteristic protected by applicable law; retaliation; violation of any local, state, or federal constitution, statute, law, ordinance or regulation; fraud, misrepresentation, defamation, invasion of privacy, and any other tort claims; wages, overtime, premiums, gratuities, tips, service/administrative charges, or any other compensation due; penalties; benefits; reimbursement of expenses; and any claim for trade secret violations or unlawful competition. This Agreement shall be binding on all of the parties, their heirs, and successors. This Agreement shall not apply to any dispute if an agreement to arbitrate such dispute is prohibited by law. The laws of the state of the Employee's place of employment shall govern this Agreement.

In arbitration, each side in the dispute presents its case, including evidence, to a neutral third party called an "arbitrator," rather than to a judge or jury. By signing this Agreement, the parties agree that any arbitration shall be conducted before one neutral arbitrator selected by the parties and shall be conducted under the JAMS Employment Arbitration Rules & Procedures ("JAMS Rules") then in effect. The arbitrator shall be either an attorney or a retired judge. Employee may obtain a copy of the JAMS Rules by requesting a copy from Human Resources or by accessing the JAMS website at www.jamsadr.com. **By signing this Agreement, Employee acknowledges that Employee has had an opportunity to review the JAMS Rules before signing this Agreement.** The parties agree that this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq* ("FAA"). The parties also understand and agree that the Employer is engaged in transactions involving interstate commerce.

The arbitration shall take place within 25 miles from where Employee worked for the Employer. The parties are entitled to be represented by their own legal counsel in the arbitration proceeding and agree to maintain the proceedings and the award, including the hearing, as confidential, except as is otherwise required by court order, required by law, or as is necessary to confirm, vacate or enforce the award. The arbitrator shall have the authority to order such discovery by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary for a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration. The arbitrator is authorized to award any remedy or relief available under applicable law that the arbitrator deems just and equitable, including any remedy or relief that would have been available to the parties had the matter been heard in a court. Nothing in this Agreement shall prohibit or limit the parties from seeking provisional remedies, such as injunctive relief from a court of competent jurisdiction. The arbitrator shall have the authority to provide for the award of attorney's fees if such award is separately authorized by applicable law. The Employer shall pay all arbitrators' fees and any JAMS arbitration administrative expenses. The decision of the arbitrator shall be in writing and shall provide the reasons for the award unless the parties agree otherwise. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction. **The arbitrator's decision is final and binding which means there will be no trial by a judge or jury, or ability to appeal the arbitrator's decision except as provided by the FAA or analogous state law.**

This Agreement may only be amended by a signed writing executed by Employer and Employee. The terms of this Agreement control over any prior or subsequent oral discussions you may or have had with an Employer representative about arbitration.

---

[2] Your "Employer" is generally the entity that owns and operates the restaurant/business at which you work. The actual entity name of your employer can be found on your paychecks and W2 forms.

BY SIGNING THIS AGREEMENT, THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY DISPUTE, CLAIM OR CONTROVERSY DECIDED BY A JUDGE OR JURY IN A COURT.

BY SIGNING THIS AGREEMENT, THE EMPLOYER AND EMPLOYEE AGREE THAT EACH MAY BRING AND PURSUE CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITIES, AND MAY NOT BRING, PURSUE OR ACT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR COLLECTIVE PROCEEDING.

THE PARTIES FURTHER AGREE THAT NEITHER PARTY MAY BRING, PURSUE, OR ACT AS A PLAINTIFF OR REPRESENTATIVE IN ANY PURPORTED REPRESENTATIVE PROCEEDING OR ACTION, OR OTHERWISE PARTICIPATE IN ANY SUCH REPRESENTATIVE PROCEEDING OR ACTION OTHER THAN ON AN INDIVIDUAL BASIS EXCEPT TO THE EXTENT THIS PROVISION IS UNENFORCEABLE AS A MATTER OF LAW.

THE PARTIES AGREE THAT A COURT, NOT THE ARBITRATOR, SHALL DETERMINE WHETHER ANY CLAIMS MUST PROCEED ON A CLASS, REPRESENTATIVE, OR COLLECTIVE BASIS.

THE PARTIES AGREE THAT ANY REPRESENTATIVE CLAIMS THAT ARE FOUND NOT SUBJECT TO ARBITRATION UNDER THIS AGREEMENT SHALL BE RESOLVED IN COURT AND ARE STAYED PENDING THE OUTCOME OF THE ARBITRATION.

In the event that any provision of this Agreement is held to be void, null or unenforceable, the remaining portions shall remain in full force and effect. If Employee has any questions about this Agreement or wishes to have any of its terms explained, Employee may ask Human Resources (1-800-394-3839). Employee may also wish to consult an attorney about the pros and cons of this Agreement.

The original version of this Agreement is in the English language. Any discrepancy or conflicts between the English version and any other language version will be resolved with reference to and by interpreting the English version.

Should Employee work for more than one Employer and/or transfer to a new Employer, this Agreement shall remain valid and enforceable as to all Employers for whom Employee has worked. This Agreement shall survive termination of any employment relationship between Employee and any Employer.

I ACKNOWLEDGE THAT BEFORE I SIGNED THIS AGREEMENT I HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS CONCERNING IT. I UNDERSTAND THAT I AM PERMITTED TO TAKE THIS AGREEMENT WITH ME AND REVIEW IT WITH AN ATTORNEY OF MY CHOICE IF I SO DESIRE. I FURTHER UNDERSTAND THAT I MUST SIGN THIS AGREEMENT BEFORE I MAY BEGIN OR CONTINUE MY EMPLOYMENT WITH THE EMPLOYER.

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS MUTUAL AGREEMENT TO ARBITRATE CLAIMS, THAT I UNDERSTAND ITS TERMS, AND THAT I HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY, WITHOUT UNDUE PRESSURE AND NOT IN RELIANCE ON ANY PROMISE OR REPRESENTATION BY THE EMPLOYER OR ANY PERSON OTHER THAN THOSE CONTAINED IN THIS AGREEMENT.

| EMPLOYEE | EMPLOYER |
|---|---|
| MILAN RADMANOVIC  (Print Name) | |
| (Signature) | By: *Julia Liebelt* |
| 05/09/14  (Date) | Its: Vice President of Human Resources |

NOTICE: Employer reserves the right to reject this Agreement if any changes are made by Employee.