# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KOLY CAMARA,<br><br>Plaintiff,<br><br>v.<br><br>MASTRO'S RESTAURANTS LLC,<br><br>Defendant. | Civil Action No. 18-724 (JEB) |

## ORDER

After this Court denied Defendant Mastro's Restaurants LLC's motion to compel arbitration in this Fair Labor Standards Act case, Mastro's appealed. It now asks this Court to stay further litigation until that appeal is resolved. Believing the appeal to be frivolous, Plaintiff Koly Camara maintains the Court should forge onward or, in the alternative, at least allow the parties to move forward with notice to other potential collective-action members. The Court chooses door number two; it will thus stay the matter except for the provision of notice.

Even Plaintiff acknowledges that, as long as Defendant's appeal from this Court's denial of its motion to arbitrate is not frivolous, such appeal divests this Court of jurisdiction regarding those aspects of the case on appeal. See ECF No. 38 (Opp.) at 2 (citing Bombardier Corp. v. Nat'l Railroad Passenger Corp., 2002 WL 31818924, at *1 (D.C. Cir. Dec. 12, 2002)). Faced with this daunting standard, Camara nonetheless asserts that Mastro's appeal is frivolous. See Opp. at 3–6. Although the Court indeed sided with him on the merits, it does not believe that the company's position in that round of briefing can be characterized as frivolous.

1

The harder question asks whether all proceedings should be stayed pending the outcome of the appeal, particularly the notice measures. Camara points out that waiting would prejudice his class members because the statute of limitations is not tolled pending the appeal and anyone who did not opt in before the deadline would thus be excluded. Id. at 6–7. Mastro's does not deny that this is the law but argues that it would be "confusing to its employees and disruptive to [its] operations" should the many potential class members who have allegedly signed arbitration agreements receive such notice. See ECF No. 35 (Motion to Stay) at 4–5. The Court thinks this is a very modest detriment to proceeding with the issuance of notice and is far outweighed both by the potential barring of untimely opt-ins and by the increased likelihood that a delay could render class members more difficult to contact. Defendant's other arguments regarding the expense of litigation pending appeal, id. at 3–4, are irrelevant here, as the Court is only requiring the provision of server information and not permitting other proceedings. See, e.g., Gaffers v. Kelly Services, Inc., 2016 WL 8919156, at *2–3 (E.D. Mich. Oct. 13, 2016) (permitting only opt-in proceedings to continue during appeal of denial of motion to compel arbitration).

The best course, therefore, is to require Mastro's to provide Plaintiff the information that the Court previously ordered and for Camara to go ahead and contact those potential class members. Defendant alternatively requested a 14-day extension of its deadline, which the Court will grant, along with the other procedural requests agreed to by the parties. The case will otherwise be stayed pending the resolution of the appeal.

The Court, accordingly, ORDERS that:

1. Defendant's [35] Motion to Stay is GRANTED IN PART and DENIED IN PART;
2. The litigation is STAYED pending the outcome of Defendant's appeal with the following exceptions;

3. Defendant by December 10, 2018, shall provide Plaintiff in Excel format with the full name, last known mailing address, last known email address, and last known phone number of each server in the conditionally certified collective;

4. By December 3, 2018, Defendant shall notify Plaintiff of the approximate size of the potential membership of the collective action;

5. Plaintiff shall have until February 19, 2019, to file any additional consent-to-join-suit forms; and

6. Plaintiff's [41] Motion to Enforce is DENIED as moot given this Order.

IT IS SO ORDERED.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: November 26, 2018